Todd Allen KELLER,
Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.

No. 71038.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 17, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Special Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant/appellant.

Mark S. Wasinger, Hannibal, for plaintiff/respondent.

Before GERALD M. SMITH, P.J., and GRIMM and DOWD, JJ.

PER CURIAM.

The Director of Revenue (Director) appeals from the order of the Marion County Circuit Court reinstating the driving privileges of Todd Allen Keller (Driver). Director issued the revocation because of Driver's alleged refusal to submit to a chemical test. We reverse and remand.

On November 3, 1995, Driver filed a petition in the circuit court of Marion County stating that he was detained by a trooper from the Missouri State Highway Patrol and accused of driving while intoxicated. Driver also stated he had received notice from Director that his driving privileges were to be revoked because of his refusal to submit to a blood test requested by the trooper.

This petition goes on to allege: 1) that Driver was not properly arrested or adequately warned of the consequences of a refusal; 2) the trooper lacked reasonable grounds to suspect that Driver was operating a motor vehicle while intoxicated; and 3) Driver did not refuse the chemical test as he consented to the taking of his blood, provided that it was taken from his penis.

The court docket reflects that the matter was set for trial on March 4, 1996. It also states that on March 4 both sides were present by counsel and the cause was passed for further orders. A few days later, Driver submitted a memorandum in support of his petition. The court then reinstated Driver's privileges without comment.

Director's appeal alleges error in the reinstatement of Driver's privileges because, according to Director, Driver was adequately warned of the consequences of refusing a blood test and Driver's conditional consent amounted to a refusal. We do not reach these claims of error. Rather, we address Driver's attack on the sufficiency of the record on appeal.

The only substantive documents in the record are Driver's petition and supporting memorandum. There is no transcript of the proceedings before the court, no arrest report, no indication of what evidence was presented, and no record of stipulations made by the parties save those concerning Driver's conditional consent and the warning given to Driver by the trooper.[1] Driver contends that Director cannot show trial court error without a transcript of the proceedings or an indication of what evidence was presented. We agree.

When reviewing the revocation of a driver's license for a refusal to submit to a chemical test, the trial court is limited to determining whether the person was arrested, whether the arresting officer had reasonable grounds to believe that the person was driving while intoxicated, and whether the person refused to submit to the test. *Berry v. Director of Revenue*, 885 S.W.2d 326, 328 (Mo.banc 1994); § 577.041.2, RSMo 1994. If the trial court determines that one or more of these criteria has not been met, it is required to order the reinstatement of driving privileges. *Id.*

On appeal, the judgment of the trial court is presumed to be correct and shall be affirmed under any reasonable theory supported by the evidence. *Delf v. Cartwright*, 651 S.W.2d 622, 623, (Mo.App. E.D. 1983); *Berry*, 885 S.W.2d at 328. We therefore cannot reverse the order of the trial court without having the evidence or a stipulation concerning the evidence before us. This record provides neither. Moreover, it is clear that this is not a case where the deficiencies in the record are the fault of either party. Director has furnished this court with a letter from the trial court indicating that no record was made. We therefore reverse the judgment of the trial court and remand for a new trial at which a proper record shall be made. *See Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 342 (Mo.banc 1992).

---

1. At oral argument, Driver's counsel indicated that there was no stipulation that the trooper had probable cause to arrest Driver or that Driver's blood alcohol count exceeded the legal limit. Director argues that her burden of proof on these issues should be considered waived because Driver submitted the case solely on the conditional consent and warning issues. However, considering only the limited record before us as we are constrained to do, it is impossible to determine whether Driver submitted the case on those issues alone.