Michael T. HOLLINGSHEAD, Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.

No. ED 77670.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 30, 2001.

Kevin R. Kelly, Hazelwood, MO, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Jagadeesh B. Mandava, Assistant Attorney General, St. Louis, MO, for appellant.

CRANE, Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial de novo. We reverse and remand.

On August 12, 1999, at 11:48 p.m. Officer Terry L. Taylor of the City of Woodson Terrace Police Department, observed petitioner's vehicle pull out of a public garage area, stop for about five minutes at a stop sign, make a turn without using a turn signal, and attempt to turn left onto a grassy hill where there was no road. Officer Taylor activated his emergency lights and stopped the vehicle. Based upon his observations of petitioner's driving, demeanor and appearance, and petitioner's performance of field sobriety tests, Officer Taylor concluded that petitioner was intoxicated. He placed petitioner under arrest and transported petitioner to the City of Edmundson Police Department. Officer Taylor stayed with petitioner at the City of

Edmundson Police Department while petitioner took a breath alcohol test. Officer Roy Holland administered the breath test to petitioner by using a BAC verifier. The results of this test were obtained at 12:21 a.m.

Director suspended petitioner's license pursuant to Section 302.505 RSMo (Cum. Supp.1996). Petitioner requested an administrative hearing, and the hearing officer sustained the suspension of his driver's license. Petitioner then filed a petition for trial de novo with the circuit court, and the case was assigned to a traffic commissioner for hearing and determination.

At the trial de novo, Director called two witnesses, Officer Taylor and Officer Holland. Officer Taylor testified that petitioner had been in his line of sight for the fifteen minute period before the breath analyzer test was administered and that during that time he did not see petitioner consume anything, smoke, vomit, or put anything into or take anything out of his mouth. Officer Holland testified similarly. However, Officer Holland's testimony on the fifteen minutes was challenged on cross-examination with times taken from his report that would not support a fifteen minute observation.

During the hearing, Officer Holland identified Exhibit B, The Alcohol Influence Report, and Exhibit C, the original printout of the breath analyzer test results. When counsel for Director asked Officer Holland to testify to the result of the test petitioner's counsel stated, "Your Honor, at this time I ask that the Court reserve ruling on an objection based upon foundation as to that result at this time." The commissioner replied, "Just as to the result we'll do that." Counsel for the Director then requested the commissioner to admit Exhibits B and C. The commissioner replied, "All right. The Court will take B and C under submission until after cross-examination."

At the conclusion of Officer Holland's testimony, counsel for Director again asked that Exhibits B and C be admitted.

Petitioner's counsel responded, "Same objection, Your Honor. There's no foundation. He's failed to comply with the checklist. He failed to do the things he was supposed to do, and therefore those tests should be inadmissible. The results of the test." The commissioner then took the question of admitting Exhibits B and C under submission. Petitioner announced he had no evidence, and the commissioner took the case under submission.

The commissioner subsequently entered her findings and recommendations. The commissioner found no credible evidence that petitioner had been observed for fifteen minutes prior to the breath test and recommended that petitioner's driving privileges be reinstated. The circuit court adopted and confirmed these findings and recommendations.

On appeal, Director contends that he laid a prima facie foundation for the admission of Exhibits B and C because he adduced evidence that petitioner was properly observed and petitioner did not perform any of the prohibited acts that would have invalidated the result. Petitioner responds that the BAC report was properly kept out of evidence because there was evidence from which the trial court could find that the petitioner was not observed for fifteen minutes.

Director first argues that petitioner's objection was not specific enough to exclude the test results. We do not need to reach that question because, even if the objection was sufficiently specific, the trial court erred in not admitting the test results because the fifteen minute observation period was established by uncontroverted evidence.

At the trial de novo, Director had the burden of proving, by a preponderance of the evidence, that (1) the driver was arrested on probable cause that she was driving in violation of an alcohol-related offense, and (2) at the time of the arrest, the driver's blood alcohol content was .10 percent or greater. *Green v. Director of*

*Revenue*, 961 S.W.2d 936, 938 (Mo.App. 1998). When Director makes a prima facie case, the burden shifts to the driver to establish that his blood alcohol content was not at least .10 percent when he was driving. *Id.*

In order to establish a prima facie foundation to admit evidence of a breath analyzer test, Director had to demonstrate that the testing methods set out in Section 577.020 RSMo (Cum.Supp.1998) were followed in that the test was performed (1) according to techniques and methods approved by the Department of Health, (2) by persons possessing valid permits, and (3) using equipment and devices approved by the Department. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App.1997). An officer using the BAC verifier to administer a breath analyzer test must follow the Form # 6 checklist, which requires the subject to be observed for at least fifteen minutes before the test is conducted to ensure the subject does not smoke, or take anything orally during this time; if the subject vomits the fifteen minute observation period is to start over. Mo.CODE REGS. tit. 19, Section 25–30.060(2) (1997). The reason for this observation period is to give any alcohol or substance that might be in the subject's mouth time to dissipate in order to ensure an accurate lung sample rather than inaccurate mouth sample. *Hill v. Director of Revenue*, 985 S.W.2d 824, 828 (Mo.App. 1998).

Officer Taylor, the arresting officer, unequivocally testified that petitioner was in his line of sight and presence for fifteen minutes prior to the time that petitioner took the breathalyzer test and that during that time he did not see petitioner consume anything, smoke, vomit, or put anything into his mouth or take anything out. This testimony was not challenged on cross-examination. Even though he was not the officer who administered the test, he could establish the fifteen minute period. Mo.CODE REGS. tit. 19, Section 25–30.060(7)(1997) provides:

The fifteen (15)-minute observation of the subject, which is the first procedure on the forms in sections (1)-(6) of this rule, may be done by the operator of the breath analyzer, the arresting officer or by any other competent individual.

"[W]here there is inconsistent and contradictory evidence with respect to an underlying fact on which the admission of the breathalyzer test result is based, the trial court is free, as in any other case, to believe or disbelieve the evidence it chooses in admitting or excluding the test result, and ... we must defer to its determination." *Endsley v. Director of Revenue*, 6 S.W.3d 153, 161 (Mo.App.1999). However, if the officer's testimony is unequivocal and not contradicted, the record will not support a finding contrary to the officer's testimony. *Id. See Rogers*, 947 S.W.2d at 477–78. Because Officer Taylor could establish the fifteen minute observation period and his testimony was uncontroverted, the trial court had no basis for finding that the fifteen minute observation had not been established. The fact that the testimony of the officer who administered the test was inconsistent as to the length of time that officer observed petitioner does not affect this result.

The trial court erred in not admitting Exhibits B and C on the grounds that the fifteen minute time period had not been established. If the test results had been properly admitted, Director would have satisfied his burden of proving a prima facie case. Petitioner presented no evidence. We reverse the trial court's judgment and remand for the trial court to enter judgment reinstating the suspension of petitioner's license.

MARY K. HOFF, C.J. and ROBERT E. CRIST, Sr.J., concur.