Howard W. ZIMMERMAN,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. 24217.

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Brett W. Berri, Office of Atty. Gen., Jefferson City, for appellant.

Dennis P. Wilson, Parsons and Wilson, P.C., Dexter, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Missouri's Director of Revenue ("Director") appeals the judgment of the circuit court of Stoddard County reinstating the driving privileges of Howard Zimmerman ("Driver"). Director had revoked Driver's privileges for one year after finding he had refused to submit to a chemical test to ascertain his blood alcohol content level per Missouri's Implied Consent Law, specifically § 577.041.1.[1]

Driver petitioned the circuit court for review of Director's revocation, and the case was submitted solely on Director's records. The court found that Driver did not refuse to take a chemical test and ordered Director to reinstate his driving privileges. Because the judgment is not supported by substantial evidence, it is reversed and remanded with directions to the court to reinstate Director's decision of revocation.

On January 6, 2001, Officer Shannon Keller ("Keller") observed Driver operating his car "completely off of the roadway" in Dexter, Missouri, and stopped the car to investigate. Upon making contact with Driver, Keller noticed obvious signs of intoxication including an odor of alcohol, slurred and confused speech, and "swaying, staggering, and stumbling." Keller administered field sobriety tests which Driver failed. Keller then arrested Driver and took him to the local police station.

Upon arrival at the station, questioning of Driver by Keller ensued, and a particular query regarding Driver's false teeth offended Driver.[2] At that point, Driver attempted to get a drink of water, and Keller told him to sit down. Driver persisted in his attempts to get some water, and an altercation resulted when Keller forcibly tried to prevent Driver from getting a drink.[3] After the altercation, Keller resumed the questioning, and Driver then stated he would "cooperate with [Keller] 100% now."

At this time, Keller read Driver the "Implied Consent," asked Driver to take the test, and if so, told Driver he had to remove his false teeth. Driver agreed to take the test, but refused to remove his teeth. Keller assumed this constituted a refusal, considered it as such, and incarcerated Driver. At some later point, Keller spoke with another officer who informed Keller that Driver was not required to remove his teeth. Thereon, Keller again read the implied consent warning to Driver and asked if he would submit to the test. Driver remained silent and "just looked at [Keller]."

Keller inquired if Driver understood the warnings, and Driver affirmatively responded which prompted Keller to ask him to take the test. Driver responded, "I don't really want to but if you want me to I will." Keller gave Driver one last opportunity to answer "yes or no[,]" and Driver gave another conditional response similar to the previous one. Thereafter, Keller recorded that Driver refused to submit to this request. Upon receiving information

1. All statutory references are to RSMo (2000), unless otherwise indicated.

2. Form 2389 is an "Alcohol Influence Report" promulgated by the Department of Revenue which Keller filled out. A question contained in the form is whether the suspect is wearing false teeth.

3. Form 2389 reveals that a prerequisite to the validity of a chemical breath test is that a suspect is prohibited from "oral intake of any material" for 15 minutes preceding the test.

that Driver refused to submit to a chemical test of his breath, Director revoked Driver's privileges to operate a motor vehicle for one year.

Driver petitioned the circuit court for a hearing per § 577.041.4. The only evidence submitted at the hearing were Director's records which included an alcohol influence report and Keller's narrative report describing the events leading to the revocation. The court ruled that Driver did not refuse to submit to the test and ordered Director to reinstate his driving privileges. This appeal followed.

■ Appellate review of judgments relating to revocation of driving privileges for failure to take a chemical test is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). *Jarrell v. Director of Revenue*, 41 S.W.3d 42, 46 (Mo.App.2001). The judgment must be affirmed unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or applies the law. *Staton v. Director of Revenue*, 14 S.W.3d 282, 284[1] (Mo.App.2000). In our review, we must accept as true the evidence and inferences favorable to the judgment and disregard all contrary evidence and inferences. *Jarrell*, 41 S.W.3d at 46[8].

In license revocation cases, a trial court is not free to disregard unequivocal and uncontradicted evidence that supports Director's contentions. *Hollingshead v. Director of Revenue*, 36 S.W.3d 443, 446[5] (Mo.App.2001); *Endsley v. Director of Revenue*, 6 S.W.3d 153, 161 (Mo.App.1999). Moreover, our standard of review does not permit us to disregard uncontroverted evidence supporting the fact that all elements of Director's case were met. *Rain v. Director of Revenue*, 46 S.W.3d 584, 587[4] (Mo.App.2001); *Calicotte v. Director of Revenue*, 20 S.W.3d 588, 592–93 (Mo.App. 2000).

■ Three prerequisites must be found before a trial court can uphold Director's decision to revoke a person's driving privileges for failure to submit to a chemical test pursuant to § 577.041:(1) the driver was arrested; (2) the arresting officer had reasonable grounds to believe the driver was driving while intoxicated; and (3) the driver refused to submit to a chemical test. *Jarrell*, 41 S.W.3d at 43[1]. If the trial court finds that one of the three requirements has not been met, then the court must reinstate a driver's privileges. *Id.* at 43[2]. In our case, the trial court found Director failed to meet her burden as to the third requirement, i.e., Driver did not refuse to take the test; consequently, this is the only issue on appeal. Director claims uncontroverted evidence in the record reveals Driver refused the second request to take the test, and Driver failed to rebut this showing with any evidence to the contrary. We agree.

Any person operating a motor vehicle upon Missouri public roadways is deemed to have impliedly consented to chemical tests, not exceeding two, of that individual's breath, blood, saliva, or urine to determine the alcohol content of the person's blood. *Brown v. Director of Revenue*, 34 S.W.3d 166, 171 (Mo.App.2000); §§ 577.020.1 and 577.020.2. This implied consent can be voluntarily withdrawn, but an officer must warn an individual of the consequences of such withdrawal or refusal, i.e., revocation of their license for one year. *Brown*, 34 S.W.3d at 171[7]. However, when an officer conditions the taking of the test on more than what is required by the statute, no refusal under the statute can be found to exist. *See Sparling v. Director of Revenue*, 52 S.W.3d 11, 13–14 (Mo.banc 2001); *Wofford v. Director of Revenue*, 868 S.W.2d 142, 143 (Mo.App. 1993). The statute does not require an individual to remove false teeth before

submitting to a breath test. Therefore, Driver's refusal to remove his teeth to take the test, upon Keller's request, did not constitute a refusal as Keller incorrectly believed. However, this does not end our inquiry.

Once Keller realized he mistakenly informed Driver of the requirements to take the test, he sought a second submission to a chemical test. "Under the implied consent law, [Driver] was deemed to have consented to *two tests* within § 577.020." *Baker v. Director of Revenue*, 945 S.W.2d 589, 590 (Mo.App.1997) (emphasis supplied). Here, nothing in the statute prevented Keller from obtaining consent a second time to submit to any test allowed by § 577.020. Driver makes no argument to the contrary, but instead claims that Keller never asked Driver to "take" the test again. Driver alleges Keller asked him if he "wanted" to take the test. This court fails to see the distinction, and Driver provides no authority for his position. Even so, the record directly refutes Driver's allegations.

 In his report, Keller states he read the Implied Consent Law once again to Driver. Form 2389 (*see* n. 2) lists the requirements an officer must read to a suspect which includes the question, "Having been informed of the reasons for requesting the tests, *will you take the test(s)?*" (Emphasis supplied). After reading the implied consent, Driver "just looked at [Keller]." In the context of the Implied Consent Law, a refusal does not have to be verbalized, and silence in response to a request to submit constitutes a refusal. *McMaster v. Lohman*, 941 S.W.2d 813, 817 (Mo.App.1997).

Keller then asked Driver if he understood what was read, and Driver stated he did. Then, Keller "asked [Driver] if he would *take the test.*" (Emphasis supplied.) Driver stated he did not want to, but if Keller wanted him to, then he would submit. Keller told Driver to answer "yes or no[,]" but Driver once again conditioned his submission to the test. Driver is not allowed to condition the taking of the test on the verbal direction that Keller "wanted" him to take it. Qualified or conditional consent is a refusal under the statute. *Spradling v. Deimeke*, 528 S.W.2d 759, 766[13] (Mo.1975). Keller's use of the word "want" during his second proffer of the test to Driver is of no consequence. We find that Driver twice refused the test the second time it was offered to him. There is no evidence to the contrary.[4]

The circuit court was not allowed to disregard the evidence proferred by Director because it was unequivocal and uncontroverted. *See Hollingshead*, 36 S.W.3d at 446[5]; *Endsley*, 6 S.W.3d at 161. The evidence conclusively showed Driver refused to submit to a chemical test of his breath as that term is used in the context of the Implied Consent Law. The judgment is not supported by substantial evidence; consequently, it is reversed. The case is remanded with directions to the circuit court to reinstate the Director's decision to revoke Driver's privileges to operate a motor vehicle.

MONTGOMERY and RAHMEYER, JJ., concurs.

BARNEY, C.J., recuses.

---

4. Driver makes no contention here that the prior misinformation provided by Keller actually prejudiced his decision-making process as to the subsequent request. *See Teson v. Director of Revenue*, 937 S.W.2d 195, 197–98 (Mo.banc 1996).