**Christine M. McCARTHY, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 82158.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 23, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 2003.

Application for Transfer Denied
Dec. 23, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Jefferson City, MO, for appellant.

Michael J. Gorla, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

The Director of Revenue ("Director") appeals the judgment reinstating Christine McCarthy's ("Driver") driving privileges following a trial de novo conducted pursuant to Section 577.041.4 RSMo 2000. We reverse and remand with directions.

■■■■ Appellate review of judgments relating to revocation of driving privileges for failure to take a chemical test is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Sweatt v. Director of Revenue*, 98 S.W.3d 926, 928 (Mo.App. 2003). The judgment must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We view the evidence, and all reasonable inferences therefrom, in the light most favorable to the judgment and disregard all contrary evidence and inferences. *Id.* If the parties do not request findings of fact and the court makes no finding on a specific issue, we assume that such determination of fact was made consistent with the judgment entered by the trial court. *Stuart v. Director of Revenue*, 761 S.W.2d 234, 235 (Mo.App.1988). However, in license revocation cases, a trial court is not free to disregard unequivocal and uncontradicted evidence that supports Director's contentions. *Sweatt*, 98 S.W.3d at 928. Moreover, our standard of review does not permit us to disregard uncontroverted evidence supporting the fact that all elements of Director's case were met. *Id.*

Director's evidence at trial consisted of the testimony of two St. Louis City police officers. Driver did not present any evi-

dence. On May 4, 2002, Officer Percy Bailey responded to a report of an automobile collision at the intersection of Loughborough and Hurst in the City of St. Louis. Upon arrival at the intersection, Officer Bailey found a two-vehicle crash. The drivers were already out of their cars. Driver was one of the drivers involved in the collision.

Once Officer Bailey started talking to Driver, he noticed a strong odor of alcohol coming from her person. Driver was unable to stand on her own a couple of times. Her eyes were red and bloodshot and her speech was slurred, although Officer Bailey was able to understand her responses. Driver spoke continuously, but what she said was not responsive to the questions Officer Bailey was trying to ask her about the crash.

Officer Bailey asked Driver to perform various field sobriety tests. Driver did successfully recite the alphabet correctly from A to Z, but when asked to count from 55–79, she failed to stop at 79. Based upon his observation of driver, Officer Bailey concluded that Driver was intoxicated so he took her into custody. He read Driver her *Miranda*[1] warnings and the Missouri Implied Consent Law. Driver refused to submit to a chemical test.

After Driver was transported to the Mounted Patrol Headquarters, Officer Ronald Gilmore again read Driver the Missouri Implied Consent Law and requested Driver to submit to a breath test. Driver refused. Based on this refusal, Director revoked Driver's license for a period of one year.

■ At the conclusion of the hearing, the trial court ruled that the Missouri Implied Consent Law was improperly read to Driver before the officers read the *Miranda* warnings. According to the trial court, if the Missouri Implied Consent

Law is read before the *Miranda* warnings, it has been given improperly and there can be no refusal to submit to a chemical test. On appeal, Driver concedes that this was error. For purposes of the trial de novo, the trial court must determine whether a proper arrest occurred, not whether the officer administered the *Miranda* warnings in a particular order. *Saladino v. Director of Revenue*, 88 S.W.3d 64, 69 (Mo.App.2002). Moreover, the trial court's judgment overlooks the fact that Officer Gilmore read Driver the Missouri Implied Consent Law a second time when she was transported to the Mounted Patrol Headquarters, when Driver was unquestionably under arrest and properly informed of her Miranda rights. Driver again refused.

■ Although the trial court based its judgment solely on the issue of consent, Driver urges that we should nonetheless affirm because the trial court could have found that the Director failed to prove that Officer Bailey had reasonable grounds to believe that Driver was intoxicated. We disagree. The state presented uncontroverted evidence that Driver smelled strongly of alcohol, was unable to stand on her own more than once, slurred her speech, was unresponsive to Officer Bailey's questions, and failed at least one field sobriety test. In license revocation cases, a trial court is not free to disregard uncontradicted evidence that supports Director's contentions. *Sweatt*, 98 S.W.3d at 928. Nor can we disregard uncontroverted evidence supporting the fact that all of the elements of Director's case were met. *Id.*

■ Although Driver presented no evidence, Driver claims the evidence was controverted by Officer Bailey's testimony on cross-examination. Although it is possible to rebut the Director's case through cross-examination, "it is insufficient to merely

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)

point out 'inconsistencies' that do not effectively rebut a material element of Director's case." *Smith v. Director of Revenue,* 77 S.W.3d 120, 124 (Mo.App.2002). "If the driver does not present evidence, cross-examination must at a minimum create a legitimate credibility dilemma with respect to a material aspect of Director's case." *Id.*

On cross-examination, Officer Bailey conceded that Driver successfully performed some field sobriety tests or parts of them. However, "not every item on the list of potential observations on the Missouri Department of Revenue's Alcohol Influence Report must be recorded for a trained officer to make a determination of whether an individual is intoxicated." *Peters v. Director of Revenue,* 35 S.W.3d 891, 897 (Mo.App.2001). Moreover, what is at issue in a refusal case is whether the officer had reasonable grounds to believe Driver was intoxicated, not whether she was actually intoxicated. *Soest v. Director of Revenue,* 62 S.W.3d 619, 622 (Mo.App. 2001).

Officer Bailey also conceded that he did not know Driver prior to his investigation and thus was not familiar with how her eyes normally appeared or her normal level of coordination. Of course, this would be true in the vast majority of cases. An officer will nearly always have to base his evaluation on an objective assessment of Driver's behavior. Driver offered no explanation for her balance problems or bloodshot eyes to Officer Bailey, nor did she offer any explanation at trial.

Driver relies heavily on *Hinnah v. Director of Revenue,* 77 S.W.3d 616 (Mo. banc 2002). In *Hinnah,* the Missouri Supreme Court affirmed the trial court's determination that the arresting officer lacked probable cause to believe that Hinnah was driving while intoxicated. 77 S.W.3d at 618. The officer in *Hinnah* testified he found Hinnah alone in a running vehicle, that he had a strong odor of alcohol on his breath, had watery, glassy, bloodshot eyes, had difficulty maintaining his balance, and admitted to driving the car. *Id.* at 618–19, 621. On cross-examination, the officer acknowledged that he had not seen Hinnah in the driver's seat. *Id.* at 621. He could not determine from the odor of alcohol how much or when Hinnah drank, and could not determine from his eyes that he was intoxicated. He also conceded that Hinnah might have balanced himself on his truck door because he had just awakened. *Id.* Hinnah also called two witnesses, one of whom testified he had been driving the truck, not Hinnah. *Id.* at 619.

Given these facts, the Missouri Supreme Court held that while the trial court could have found probable cause, it was free as well to draw the opposite conclusion depending upon its "assessment of the officer's testimony that Hinnah said he was driving or upon its assessment of probable cause as to intoxication." *Id.* at 622. In contrast, in the instant case, Driver admitted she was driving and offered no evidence to the contrary. Moreover, unlike *Hinnah,* Driver elicited no evidence of an innocent, non-intoxication related explanation for her behavior and demeanor. In *Hinnah,* the officer's own testimony on cross-examination established that Hinnah's balance problem could be explained because he had just awakened. Nothing in this record even hints at an innocent explanation for Driver's repeated inability to stand without assistance, the strong odor of alcohol, her bloodshot eyes, her slurred and unresponsive speech or her poor performance on field sobriety tests. Driver presented no evidence whatsoever and her failure to testify raises the presumption that anything she might have said would have been unfavorable to her. *Smith v. Director of Revenue,* 77 S.W.3d 120, 122 n. 3 (Mo.App.2002).

We hold that the uncontroverted evidence adduced by Director compels a finding that Officer Bailey had reasonable grounds to believe that Driver operated her vehicle in an intoxicated condition and that she refused a proper request to submit to a chemical test. Accordingly, we reverse the judgment and remand with direction to reinstate the suspension of Driver's license.

BOOKER T. SHAW, P.J., Concurs.

GEORGE W. DRAPER III, J., Concurs.