William D. LANEY, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

No. 25879.

Missouri Court of Appeals, Southern District, Division One.

Sept. 27, 2004.

Jeremiah W. (Jay) Nixon, Attorney General, Robert Alan Kearbey, Assistant Attorney General, Jefferson City, for Appellant.

No Appearance for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

The driver's license of William D. Laney ("Laney") was revoked by the Director of Revenue for failure to submit to a chemical test to determine his blood alcohol content pursuant to Section 577.041.[1] This appeal is from the order of the Circuit Court of Barry County reinstating Laney's license.

On February 10, 2003 at approximately 9:30 P.M., Deputy Douglas Henry ("Deputy Henry") of the Barry County Sheriff's Department was driving south on FR 1070 in Barry County when he encountered a Ford Ranger pickup. The pickup was off of the road, facing north, and stuck in a creek. Deputy Henry approached the pickup and spoke to the driver, Laney. Deputy Henry noticed that Laney's speech was slurred and that there was a strong odor of alcohol coming from the pickup. When Deputy Henry asked Laney if he had been drinking, Laney said, "Yes, I am drunker than hell." When asked where he was coming from, Laney replied that he had come from Our Place Bar in Seligman, Missouri. Deputy Henry then asked Laney to turn off the pickup and step out of the vehicle.

Deputy Henry asked Laney if he would submit to field sobriety tests, to which Laney replied that he was drunk. Deputy Henry then asked Laney if he would take a breath test at the jail, to which Laney replied, "No I said I was drunk." At 10:04 P.M., Deputy Henry placed Laney under arrest for driving while intoxicated and transported him to the Barry County Jail.

Deputy Henry's Offense/Incident Report was introduced in evidence. It reflected that Deputy Henry asked Laney at the scene if he would take field sobriety tests, but Laney responded, "No I said I was drunk." According to that report, Deputy Henry then placed Laney under arrest for driving while intoxicated, transported him to the Barry County Jail, and "asked him again to submit to a chemical breath test and he refused again."

The Alcohol Influence Report completed by Deputy Henry documented that at 10:30 P.M. he informed Laney that he was under arrest for driving while intoxicated, that Laney was being requested to take a test to determine the alcohol/drug content of his blood, if he refused to take the test his driver's license would be revoked for one year, and evidence of his refusal may be used against him in prosecutions in a court of law. Deputy Henry checked two boxes on that form indicating that Laney refused the test.

On May 9, 2003, the Director informed Laney that his driving privileges were revoked, effective May 27, 2003, for failure to submit to a chemical test to determine his blood alcohol content, pursuant to Section 577.041. Laney filed a petition to set aside the revocation of his driver's license on May 28, 2003, claiming that he did not refuse to submit to the chemical test. A hearing was held on July 28, 2003. The Director entered the certified records of

---

1. All statutory references are to RSMo (2000) unless otherwise specified.

the Missouri Department of Revenue into evidence, including Deputy Henry's incident report and the Alcohol Influence Report. Laney testified that he did not believe that he refused to take a chemical test because he told Deputy Henry that he was drunk, and he believed that he did not need to take a breathalyzer if he admitted that he was intoxicated. Laney further testified that he did not understand the consequences of his actions for refusing to take the chemical test. On cross-examination, Laney admitted that when Deputy Henry asked him to take a chemical test, he said that he was all ready drunk.

The trial court entered its judgment on August 22, 2003. The trial court found that Laney was stopped and arrested, and that Deputy Henry had reasonable grounds to believe that Laney was driving a motor vehicle while intoxicated. The trial court also found that

> [Laney] believed that he had no reason to take the breath test as on 3 different occasions he voluntarily admitted that he was drunk prior to [Laney's] arrest.... None of the refusals prior to the arrest meet the requirements of the statute dictating the revocation of [Laney's] driving license. Therefore, what remains is the statement "He refused again." The court finds that the statement "He refused again" which obviously refers in most part to the 3 statements made by [Laney] prior to his arrest, without further explanation as to the nature and extent of [Laney's] statement after arrest, is not sufficient for the court to find that [Laney] refused to take the breath test after the arrest[.]

As a result, the trial court ordered the Director to reinstate Laney's driver's license. This appeal followed.

■ The Director presents one point on appeal, claiming that the trial court erred in setting aside the revocation of Laney's driver's license because the Director made a prima facie case that Laney was arrested upon reasonable grounds and he refused a breath test. The Director claims that Laney's contention that he did not believe he was required to take a breath test because he was drunk or confused about the consequences of a refusal is of no moment.

■ "This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law." *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). The appellate court must defer to the trial court's determination of credibility. *Id.* However, "[i]f the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Id.* The trial court in license revocation cases "is not free to disregard unequivocal and uncontradicted evidence that supports Director's contentions." *McCarthy v. Dir. of Revenue,* 120 S.W.3d 760, 761 (Mo.App. E.D.2003); *see also Sweatt v. Dir. of Revenue,* 98 S.W.3d 926, 928 (Mo. App. S.D.2003). The standard of review does not allow the appellate court to "disregard uncontroverted evidence supporting the fact that all elements of Director's case were met." *Id.*

Section 577.020.1 provides that any person in Missouri who drives on public highways gives consent to a chemical test to determine the content of drugs or alcohol in that person's blood if he or she was arrested on reasonable grounds for driving in an intoxicated or drugged condition. A person has a statutory right to refuse this test, however. *Swanberg v. Dir. of Revenue,* 122 S.W.3d 87, 90 (Mo.App. S.D.2003). When a person refuses the test, the officer must make a sworn report to the Director

of Revenue that the driver refused the test. *Id.* (quoting *Hinnah,* 77 S.W.3d at 619–620); Section 577.041.2. The Director of Revenue shall then revoke the person's license for one year. Section 577.041.3.

The trial court must find three factors when reviewing the revocation of a driver's license for refusal to take a chemical test: (1) the person was arrested, (2) the arresting officer had reasonable grounds to believe the person was driving while intoxicated, and (3) the person refused to submit to the test. *Sweatt,* 98 S.W.3d at 928; Section 577.041.4. If one of these factors is not met, the trial court must reinstate the person's driver's license. *Id.*

The Director claims that she established a prima facie case. The trial court found that Laney was arrested and that Deputy Henry had probable cause to believe that he was driving while intoxicated. There is no dispute about those findings. The trial court found, however, that the only evidence of Laney's refusal after arrest was Deputy Henry's statement that "[h]e refused again," which it found was insufficient grounds upon which to base a refusal because it "obviously [referred] in most part to the 3 statements made by [Laney] prior to his arrest." The Director claims this finding is erroneous and that the evidence clearly demonstrated a refusal after the arrest.

■ "The introduction [of] evidence on the record, in the form of an Alcohol Influence Report and an officer's narrative, is sufficient evidence to establish refusal to submit to a test." *Lyons v. Dir. of Revenue,* 36 S.W.3d 409, 411 (Mo.App. E.D.2001). In *Lyons,* the court found that when the officer checked "no" in the box by the question "will you take the test" and where the officer wrote "refused" at the bottom of the implied consent form, there was sufficient evidence of the driver's refusal to take a chemical

test. *Id.* Here, the Alcohol Influence Report completed by Deputy Henry, clearly shows that the "no" box is checked following the question, "[h]aving been informed of the reasons for requesting the test(s), will you take the test(s)?" Furthermore, the "CHEMICAL TEST REFUSAL (OFFICER MUST MARK BOX IF SUBJECT REFUSED TEST)" box is clearly checked on the report. Deputy Henry's narrative in his incident report further supports this evidence by stating "[h]e refused again" after Deputy Henry asked him if he would take a chemical test at the jail. As stated before, the trial court is not free to disregard uncontroverted or unequivocal evidence in support of the Director's contention. *McCarthy,* 120 S.W.3d at 761. Laney testified at the hearing, but he did not rebut the evidence offered by the Director.

Laney testified that he believed his admission that he was drunk was sufficient evidence of his intoxication. Laney's subjective belief that he did not have to take a chemical test because he admitted he was intoxicated is immaterial. The implied consent statute does not contain any requirement that the person must know that he or she has to take a chemical test even though he or she admits to being intoxicated. *See* Section 577.020.

■ Laney also testified that he believed that he did not refuse the test, and that he did not understand the consequences of refusing the test. However, these statements do not rebut the evidence presented in the Alcohol Influence Report and Deputy Henry's narrative that Laney refused to take the test. "The statutes in this state do not require that a refusal be knowing." *Cartwright v. Dir. of Revenue,* 824 S.W.2d 38, 41 (Mo.App. W.D.1991). Furthermore,

[a] driver who has been advised of his rights under the Implied Consent Law, but declines to take the test, is deemed to have refused the test unless he objectively and unequivocally shows he does not understand his rights and the warning concerning the consequences of his refusal and, thereafter, he was denied clarification.

*Fischbeck v. Dir. of Revenue,* 91 S.W.3d 699, 702 (Mo.App. E.D.2002). Where the lack of understanding is not made apparent to the officer, it is of no consequence. *Id.* (quoting *Spradling v. Deimeke,* 528 S.W.2d 759, 766 (Mo.1975)). The record shows that Deputy Henry read Laney the warnings regarding a refusal to take a chemical test. The record does not indicate that Laney did not understand the warnings. But, even if we grant that Laney did not understand the consequences of his failure to take a chemical test, the record is devoid of evidence showing that Laney communicated this lack of understanding to Deputy Henry. Therefore, it is irrelevant whether Laney did or did not understand the consequences of failing to take the chemical test.

The judgment of the trial court is reversed and the case is remanded for reinstatement of the revocation of Laney's driver's license.

PREWITT, J., and RAHMEYER, J., concur.