Kathleen F. STEELE–DANNER,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent–Appellant.

No. 27577.

Missouri Court of Appeals,
Southern District,
Division One.

March 13, 2007.

Motion for Rehearing or Transfer to
Supreme Court Denied April 2, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Amy L. Braudis, Asst. Atty Gen., Jefferson City, for appellant.

Robert E. Childress, Springfield, for respondent.

PER CURIAM.

Kathleen Steele–Danner ("Respondent") was stopped by Officer Shawn Teitsort for speeding. The officer noticed a strong odor of alcohol on her breath. When asked how much she had to drink, she stated she had one glass of wine. Respondent was asked to perform field sobriety tests and was subsequently arrested for driving while intoxicated. After arriving at the Branson Police Department and reading Missouri's Implied Consent law to Respondent, Officer Teitsort requested that Respondent submit to a breath test. She refused and her license was revoked pursuant to § 577.041.[1] The trial court reinstated Respondent's license and the Director of Revenue ("Director") appeals. This court reverses and remands for the trial court to enter judgment sustaining revocation of Respondent's license.

■ The legislature has determined that a person who operates a motor vehicle upon a public highway of this state is deemed to have consented to have his or her breath, blood, saliva or urine chemically tested to determine the individual's blood alcohol content after being arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated condition. *See* § 577.020.1(1). In a "refusal" case under § 577.041.4, Director is required to establish: (1) the person was arrested, (2) the arresting officer had reasonable grounds to believe the person was driving while intoxicated, and (3) the person refused to submit to the test. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). Once Director has established her prima facie case, the burden of production shifted to Respondent even though the burden of persuasion remains on Director at all times. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 546 (Mo. banc 2003). There is no dispute in this case that Re-

---

1. All references to statutes are to RSMo 2000.

spondent was arrested and she refused to submit to the test. The dispute is whether the arresting officer had reasonable grounds to believe Respondent was driving while intoxicated.

■ There does not appear to be a serious contention that Director did not meet her prima facie case. Director admitted the alcohol influence report as an exhibit. The facts necessary to establish Director's prima facie case can be proven through such documentary evidence alone. *Howdeshell v. Director of Revenue*, 184 S.W.3d 193, 197 (Mo.App.2006). Officer Teitsort and Respondent also testified. Respondent claims, however, that Director did not met her burden of persuasion on the issue of whether probable cause existed.

■ Director claims error in the trial court's determination that there was no probable cause due to the comments made in the docket entry and the judgment as the basis for the ruling. In reinstating Respondent's driving privileges, the court made a notation in the docket entry:

[T]his court finds that witnesses for [Director][,] by his own testimony[,] testified that he felt [Respondent] would pass any breathalyzer and therefore actually lacked probable cause to require [Respondent] to take any breathalyzer as he testified he believed this after administering tests such as walk & turning.

In the Judgment and Order, the court stated:

After consideration of the evidence and the credibility of the witness testimony, the Court finds in favor of [Respondent] as the Court believes [Officer Teitsort] when he testified he did not believe [Respondent] was intoxicated and would pass the breathalyzer test.

The testimony to which the trial court is referring, and upon which Respondent is relying, came into evidence during the cross examination of Officer Teitsort:

[Defense Counsel]: Okay. And you were surprised she didn't take the test?

[Officer]: Yes, sir.

[Defense counsel]: Because you thought she might not have been above a .08?

[Officer]: I believed she was borderline. That's correct.

[Defense Counsel]: Okay. You thought she might not have been above .08?

[Officer]: That's correct.

Director directs us to the testimony of Officer Teitsort regarding his observations of Respondent when she performed the field sobriety tests he requested. Officer Teitsort observed that Respondent had to steady herself using the car door when exiting her vehicle. He observed her swaying as she walked. Her eyes appeared bloodshot and "staring." She continued to sway during the horizontal gaze nystagmus test ("HGN") and the officer noted a lack of "smooth pursuit" in both eyes and a distinct nystagmus at maximum deviation, with an onset prior to forty-five degrees, indicating intoxication.

When Respondent performed the walk-and-turn test, she did not take the correct number of steps, used her arms for balance and did not make a proper turn. Because she stepped off of the line three times, the officer deemed her unable to complete the test. Likewise, she put her foot down three or more times on the one-leg stand test and was unable to complete the test. Based upon his training, experience, and observations, Officer Teitsort testified that he formed the opinion that Respondent was intoxicated and placed her under arrest for driving while intoxicated. On the issue of the officer's credibility, as the Director points out, the trial

court put its stamp of approval on Officer Teitsort by indicating, "I believe [Officer Teitsort] administered the tests properly. In fact, that officer is one of the finest."

▇▇▇ Probable cause is based upon the facts viewed by a prudent, cautious and trained police officer and not the officer's subjective belief. Probable cause exists when the surrounding facts and circumstances denote to the senses of a reasonably prudent person that a particular offense has been or is being committed. *Brown v. Director of Revenue*, 85 S.W.3d 1, 4 (Mo. banc 2002). Thus, when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist, then probable cause exists. *Id.* "The trial court must assess the facts 'by viewing the situation as it would have appeared to a prudent, cautious and trained police officer.'" *Id.*, quoting *Cox v. Director of Revenue*, 37 S.W.3d 304, 307 (Mo.App.2000).

Respondent was stopped at 1:38 a.m. for speeding fourteen miles per hour over the speed limit. She had a strong odor of alcohol and bloodshot eyes, had trouble with balance and walking, and was uncertain in her turning. Respondent was unable to follow directions for the walk-and-turn test and admitted to drinking alcohol earlier during the evening. The trial court misapplied the law when it found Officer Teitsort's testimony that he was surprised when Respondent refused to take the test because the officer thought Respondent was borderline—that there was a possibility she would pass the test—negated the probable cause determination that she was driving her vehicle while in an intoxicated condition. In so doing, the trial court disregarded Officer Teitsort's objective and credible observation of Respondent's unusual and illegal motor vehicle operation and indicia of intoxication from field sobriety tests, which objectively constitute probable cause. *Brown v. D.O.R., supra.*

The judgment is reversed. The case is remanded. The trial court is directed to enter judgment sustaining the revocation of Respondent's license.

NANCY STEFFEN RAHMEYER, Presiding Judge, dissenting.

I concur with the majority opinion that the trial court misapplied the law when it relied on Officer Teitsort's testimony to support a conclusion that there was no probable cause; however, I would remand to the trial court for a determination whether there was probable cause based on any credibility determinations of the court. There are two competing precepts of law in the analysis of this case. The Director brings to our attention the tenet that although the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law, "[i]f the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). Specifically, Director notes that the trial court in license revocation cases is "not free to disregard unequivocal and uncontradicted evidence that supports Director's contentions." *McCarthy v. Director of Revenue*, 120 S.W.3d 760, 761 (Mo.App. E.D.2003). The problem with this case is that the evidence was contradicted.

Respondent notes the controverted evidence rebutting the testimony of Officer Teitsort. She notes the officer's testimony that her speech was normal from beginning to end and that she was polite throughout. Concerning her "bloodshot" eyes, it was noted on the alcohol influence

report that Respondent wore contacts. Respondent testified that she requested that she be allowed to perform the field sobriety tests without her shoes because the shoes she wore caused her to be unsteady, but the officer denied the request. Respondent did not offer expert testimony regarding the proper administration of the field sobriety tests but, through cross-examination of the officer at the trial, she claims the field sobriety tests were not performed in accordance with the NHSTA guidelines. Respondent presented testimony that her alcohol consumption of one glass of wine was five-to-six hours prior to the stop.

This Court must defer to the trial court's determination of credibility. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545. Specifically, she notes "[i]f the parties do not request findings of fact and the court makes no finding on a specific issue, we assume that such determination of fact was made consistent with the judgment entered by the trial court." *McCarthy*, 120 S.W.3d at 761. In addition, the judgment of the trial court is presumed to be correct and shall be affirmed under any reasonable theory supported by the evidence. *Keller v. Director of Revenue*, 947 S.W.2d 478, 479 (Mo.App. E.D.1997).

A driver need only present evidence that is inconsistent with a "reasonable belief" that the driver was driving while intoxicated. *Flaiz v. Director of Revenue*, 182 S.W.3d 244, 251 (Mo.App. W.D.2005); *Engelage v. Director of Revenue*, 197 S.W.3d 197, 202–03 (Mo.App. W.D.2006). Furthermore, where there is substantial evidence the field sobriety tests have been improperly administered, the court may disregard the officer's testimony concerning the test results. *Brown v. Director of*

*Revenue*, 85 S.W.3d 1, 4 (Mo. banc 2002).[1] Therefore, even though the court may have cited an incorrect proposition of law, we must defer to the trial court's determination of all facts. For that reason, I would remand the case to the trial court to make a determination, using the proper standard, whether the arresting officer at the time of the arrest had probable cause to believe Respondent was driving while intoxicated.

---

1. We do note that the trial court judge stated at the trial that he believed the tests were done correctly by the officer and the officer was one of the finest; however, that statement alone is not a credibility finding.