### David Wayne KISO, Appellant,

v.

### Richard KING, Director of Revenue, Respondent.

### No. WD 36078.

Missouri Court of Appeals,
Western District.

April 9, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 28, 1985.

Application to Transfer Denied
June 25, 1985.

Roy W. Brown, Bruce B. Brown, Brown & Brown, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, C.J., and SHANG-LER and MANFORD, J.

TURNAGE, Chief Judge.

David Wayne Kiso appeals the denial of his petition for review following the revocation of his driver's license for failure to submit to a chemical test for intoxication.

Kiso contends that he might have taken a test other than the one offered and that the officer acted arbitrarily in selecting a blood test to be administered. He also contends that the evidence did not show the length of time between his alleged operation of the vehicle and his arrest. Affirmed.

On February 11, 1984, a highway patrol trooper arrived at an accident scene at 12:10 a.m. The trooper observed a vehicle on its top on the south side of the road and saw Kiso standing next to a City of Waverly police car. Kiso admitted that he had been driving the car which was on its top. The trooper observed that his eyes were watery and bloodshot, he was unsteady on his feet, his speech was slurred, and he smelled of alcohol. The trooper placed Kiso under arrest for driving while intoxi-

cated and advised him they were going to the jail in Lexington for a Breathalyzer test. Kiso then stated that his back hurt and he wanted to go to a hospital, so the trooper took Kiso to the hospital in Waverly. While at the hospital, the trooper requested Kiso to submit to a blood test to determine his blood alcohol content, which was to be administered by a registered nurse. Kiso refused to take the test, and did not provide any reason for his refusal. The trooper had advised Kiso that his refusal to take the test would cause his driver's license to be revoked for one year.

The Director of Revenue revoked Kiso's driver's license for one year. Kiso filed a petition for review, but the circuit court sustained the revocation.

■ Kiso contends that the evidence is not sufficient to show that he refused to take a chemical test because he asserts he might have consented to one of the other statutory tests if the trooper had so requested. This point is unbridled speculation about what Kiso might have done had the trooper requested that he take a different test. No evidence exists to support the contention that Kiso would have submitted to a different test. The only evidence is that Kiso refused to submit to a blood test which was to be performed by a qualified person, and that he gave no reason for his refusal.

Kiso next contends that the statute permits an officer to act arbitrarily in selecting the test to be administered. Section 577.020, RSMo Supp. 1984,[1] provides that any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to a chemical test or tests of his breath, blood, saliva, or urine for the purpose of determining the alcohol content of his blood if arrested on reasonable grounds to believe that he was driving a motor vehicle while intoxicated. This section provides that the test shall be administered at the direction of the arresting officer. It further provides that the implied consent to the chemical tests shall be limited to not more than two tests aris-

ing from the same arrest or incident. Section 577.029 requires a blood test to be performed by a licensed physician, registered nurse, or trained medical technician at the place of his employment. This section also provides that such a person may refuse to draw blood for a blood test if he believes such procedure would endanger the life or health of the person in custody.

■ The trooper did not act arbitrarily. Upon Kiso's request, the trooper took him to a hospital. A registered nurse was available to draw blood for a blood test, and the trooper requested Kiso to submit to such test. No more reasonable action could have been taken by the trooper.

Kiso argues that he might well have submitted to a Breathalyzer test. The nearest Breathalyzer equipment was about 20 miles from the hospital, and a considerable amount of time had elapsed from the time Kiso was arrested to the time Kiso was examined by a physician and had refused the blood test. Again, it is purely speculation whether or not Kiso would have submitted to the Breathalyzer test.

Implicit in Kiso's argument is the contention that a person who comes within the provisions of § 577.020 should have the choice of which chemical test he will take. In *Timm v. State,* 110 N.W.2d 359 (N.D. 1961), the court considered a statute similar to the Missouri statute, and rejected this contention. The court reasoned that if an arrested person had a choice as to which chemical test he would take, he could request to take a test which he knew was not available at the particular time and place, and thus effectively avoid the statute. *Id.* at 363. The court stated that the statute provided that the test would be administered at the direction of the officer, and that the officer knows which test or tests are available. *Id.*

The court reached the same result in *Lee v. State,* 187 Kan. 566, 358 P.2d 765 (1961). The Kansas statute provided for the same tests as § 577.020, and also provided that

---

**1.** All sectional references are to Missouri's Revised Statutes, Supp.1984.

the test was to be administered at the direction of the arresting officer. The court noted that it was common knowledge that few places in the state have the technical equipment and facilities to administer all of the tests. 358 P.2d at 769[3].

■ The arrested person does not have his choice of which statutory test he will take. If a choice were allowed, a person could avoid taking a test by demanding one which he knew to be unavailable. The arrested person is protected from arbitrary action by the officer because the statute limits the number of tests which the officer can request to two. The officer knows which test is available at the time he requests a person to submit to a test. This case does not present a situation where an officer requests a test which is unavailable.

In this case the trooper acted reasonably in requesting a blood test when qualified medical personnel were available to perform the test.

■ Kiso next contends that the evidence was insufficient to support the trial court's finding that the officer had reasonable grounds to believe that Kiso was driving a motor vehicle while intoxicated because the time interval between the driving and the arrest was not established. Kiso first asserts that a question exists concerning the burden of proof which the state must show to sustain a revocation. Under § 577.041, judicial review of the revocation of a driver's license is by the court. In *Blydenburg v. David,* 413 S.W.2d 284, 290[7] (Mo. banc 1967), the court held that the statutes concerning judicial review of the revocation of a driver's license for refusal to take a chemical test were civil in nature. Thus, *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), governs the standard of appellate review.

Kiso's argument concerning the lack of evidence as to the length of time between his driving the vehicle and his arrest centers on the theory that Kiso may have had the opportunity to consume alcohol after the accident and before the arrival of the officer. In *Tolen v. Missouri Department*

*of Revenue,* 564 S.W.2d 601, 602[7] (Mo. App.1978), this court held that proof of driving a motor vehicle while intoxicated may be sustained by reasonable inferences from the evidence. Here, the evidence was that a car was on its top at the side of the road, skid marks were clearly visible on the highway, it was after midnight, the city police car was there, spectators were still on the scene, and no other emergency vehicles had yet arrived. This evidence would support a reasonable inference that the accident had not occurred so long prior to the trooper's arrival as to give Kiso an opportunity to become intoxicated after the accident. Furthermore, no evidence exists to indicate a long interval or that Kiso had imbibed during the interval. The evidence was sufficient to support a reasonable inference that the accident had occurred shortly before the trooper had arrived and that Kiso had been driving while intoxicated.

The judgment is affirmed.

All concur.