Michael A. LYONS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 77714.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 16, 2001.

Daniel L. Mohs, St. Louis, for appellant.

**410**

Mary Elizabeth Ott, St. Louis, MO, for respondent.

Jeremiah W. (Jay) Nixon, Attorney General, Daryl R. Hylton, Assistant Attorney General, Jefferson City, MO, for appellant.

GARY M. GAERTNER, Presiding Judge.

The Director of Revenue, ("Director"), appeals from the judgment reinstating the driving privileges of Michael A. Lyons, ("driver"). We reverse and remand.[1]

1. Respondent's motion to strike Appellant's brief and/or sanctions and motion for attorney's fees for filing a frivolous appeal are denied.

Director revoked driver's driving privileges for one year for refusing to consent to a chemical test of his blood pursuant to Section 577.041, RSMo Cum.Supp.1997.[2] Driver filed a petition for review with the circuit court. The court assigned the petition to a commissioner for hearing.

On February 24, 2000, the parties appeared before the commissioner. The director submitted the case on the record, consisting of a notice of revocation, a certified copy of the alcohol influence report, the arresting officer's narrative, and driver's driving record. Driver presented no evidence.

The following facts were contained in the alcohol influence report and the arresting officer's narrative. The officer observed driver's vehicle on Highway 70 at Earth City at approximately 1:30 a.m. Driver was weaving back and forth from lane 3 to lane 1 and was also driving on the shoulder at times. The officer activated his lights and driver refused to stop for approximately a mile and a half. Driver exited the highway and eventually stopped in the intersection of St. Charles Rock Road and Natural Bridge.

The officer approached the driver who smelled of a strong alcoholic beverage. It is also indicated in the report that driver had sagging knees, his walk was staggering, his eyes were staring, his attitude was insulting and combative, and his actions were of profanity and fighting. Driver was asked to step out of his vehicle. The officer indicates in his report that he administered the gaze nystagmus test which driver failed. The officer noted he felt the walk-and-turn test and the one leg stand were "unsafe to administer."

The officer informed driver he was under arrest and driver became very violent. Driver ran toward the officer, yelling, "I'm not going to jail" with his fist clenched.

2. All statutory references are to RSMo Cum. Supp.1997, unless otherwise indicated.

The officer maced the driver. The officer then tried to place driver under arrest when driver pushed the officer and they both fell down into a six-foot ravine. The officer was able to push his emergency button alerting back up units. Subsequently, driver was handcuffed and conveyed to the hospital by an ambulance.

The alcohol influence report indicates the officer read the implied consent warning to driver at the hospital, and requested he submit to a chemical test of his blood. The officer noted driver refused to take the test by checking the box "no" by the question "will you take the test" and indicating the time as 2:25 a.m. Also, at the bottom of the page of the implied consent form, the officer wrote down "refused."

The commissioner found the arresting officer had probable cause to arrest driver for driving while intoxicated, but found there was no evidence to prove driver knowingly refused to submit to the chemical test of his blood. The commissioner recommended the reinstatement of driver's driving privileges. The circuit court adopted the findings and recommendations of the commissioner as the judgment of the court. This appeal follows.

In the single point on appeal, Director contends the circuit court erred in setting aside the revocation of driver's driving privileges, because the judgment was against the weight of the evidence. Director argues it proved an uncontroverted prima facie case supporting the revocation of driver's driving privileges.

■ Our review of the trial court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

When reviewing a petition challenging the revocation of driving privileges, Section 577.041 states:

the judge shall determine only: 1) Whether or not the person was arrested; 2) whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and, whether or not the person refused to submit to the test.

"There is nothing in the implied consent law which requires that a refusal be knowing." *Cartwright v. Director of Revenue*, 824 S.W.2d 38, 41 (Mo.App.W.D.1991).

■ The commissioner found Director failed to establish driver "knowingly refused." It is clear from the language of section 577.041 it does not require a knowing refusal; and neither have the courts in Missouri. The commissioner's findings and recommendation demand a higher evidentiary burden than that stated in the statute and therefore erroneously declares the law.

■ The introduction evidence on the record, in the form of an Alcohol Influence Report and an officer's narrative, is sufficient evidence to establish refusal to submit to a test. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 178 (Mo.App. E.D. 2000). In this case, the officer clearly indicated driver refused to take the test by checking the box "no" by the question "will you take the test." Also, at the bottom of the page of the implied consent form, the officer wrote down "refused." This is sufficient evidence of driver's refusal to submit to a chemical test of his blood.

Based on the foregoing, the judgment of the trial court is reversed and the cause is remanded to the trial court to enter a judgment reinstating the revocation of driver's driving privileges.

CRAHAN and TEITELMAN, JJ., concur.