Todd A. JOHNSON, Respondent,

v.

**DIRECTOR OF REVENUE, Appellant.**

No. WD 64557.

Missouri Court of Appeals, Western District.

Aug. 2, 2005.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Lasandra F. Pearl, Office of Attorney General, Jefferson City, MO, for Appellant.

Jeffrey S. Eastman, Gladstone, MO, for Respondent.

PAUL M. SPINDEN, Judge.

The Director of Revenue appeals the circuit court's judgment setting aside her revocation of Todd A. Johnson's driving privileges pursuant to Section 577.041, RSMo Supp.2003, for refusing to submit to a chemical test. The director contends that the circuit court's judgment is not supported by substantial evidence and is against the weight of the evidence. She claims that she made a *prima facie* case that Johnson did not rebut. We agree and reverse the circuit court's judgment.

The evidence established that on April 2, 2004, Kansas City police officer Arthur Willingham and his partner received a radio dispatch reporting that a car had collided into a stone driveway wall. A brief time later, the officers saw a car matching the description of the car in the radio dispatch. The officers turned on their patrol car's emergency lights, and the car pulled to the side of the road and parked with its engine running.

Willingham walked to the car's side and ordered the driver, Johnson, to turn off the engine. Johnson had difficulty complying. While Willingham spoke to Johnson, he noticed a moderate smell of alcohol and that Johnson's eyes were glassy or watery and bloodshot. He ordered Johnson to get out of the car. As Johnson stood beside the car, he swayed slightly. He failed Willingham's horizontal gaze nystagmus test. Willingham arrested Johnson for driving while under the influence of alcohol.

The officers took Johnson to police offices where Willingham informed him of the Implied Consent Law and asked him to submit to a breath test. Johnson agreed. The test indicated that Johnson's blood alcohol concentration was .064 per-

cent, within the lawful limit. Willingham then asked Johnson to submit to a urine test, but Johnson refused. Willingham notified Johnson that his driving license would be revoked for one year pursuant to Section 577.041 because of his refusing to submit to the urine test.

The circuit court issued a judgment setting aside the director's revocation of Johnson's driving license. The director appeals.

Section 577.020.1, RSMo Supp.2003, provides that any person who drives on Missouri's public highways is deemed to have impliedly given consent to a chemical test to determine the content of drugs or alcohol in his or her blood. The statute mandates that, to have a right on insisting on giving the test, officers must have arrested the driver on reasonable grounds to believe that the person was driving in an intoxicated or drugged condition. Section 577.020.2 authorizes an officer to request the driver to submit to two chemical tests. To revoke a driving license on the ground that a driver has refused to submit to a chemical test, the director must establish that (1) a qualified law enforcement officer arrested or stopped the driver, (2) with reasonable grounds to believe that the driver was driving while in an intoxicated or drugged condition, and (3) the driver refused to submit to a chemical test. Section 577.041.4; *Zimmerman v. Director of Revenue*, 988 S.W.2d 583, 585 (Mo.App. 1999). If the director fails to establish one of these requirements, the driver's driving privileges must be reinstated. Section 577.041.5; *Zimmerman*, 988 S.W.2d at 585.

The director's evidence was sufficient to support a finding that Willingham had reasonable grounds for believing that Johnson was driving while under the influence of alcohol. Indeed, Johnson concedes the issue. But Johnson contends that, before Willingham could ask him to submit to a urine test in addition to the breath test, the officer had to have a sound basis for arresting him for driving under the influence of a drug not containing alcohol.

■ Section 577.041.4 requires the arresting officer to have reasonable grounds to believe that the arrested person was driving "while in an intoxicated or drugged condition." It does not require an officer to determine specifically what substance the driver had consumed before the arrest. Whether the driver is under the influence of alcohol or any other substance is irrelevant. The relevant inquiry is whether or not the arresting officer had reasonable grounds for believing that the arrested person was driving while in either an intoxicated or drugged condition. The evidence in this case established that Willingham possessed reasonable grounds to believe that Johnson was driving while in an intoxicated condition.

■ As to the final element, the director asserts that she established that Johnson refused to submit to a chemical test. A person under arrest may refuse to submit to a chemical test of his blood alcohol or drug level. Section 577.041.1 says,

If a person under arrest, or who has been stopped pursuant to subdivision (2) or (3) of subsection 1 of section 577.020, refuses upon the request of the officer to submit to any test allowed pursuant to section 577. 020, then none shall be given and evidence of the refusal shall be admissible in a proceeding pursuant to section 565.024 or 565.060, RSMo, or section 577.010 or 577.012. The request of the officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license

shall be immediately revoked upon refusal to take the test.

 Although Johnson successfully completed the breath test, Willingham had a right to request Johnson to submit to a second test. Section 577.020.2; *Smock v. Director of Revenue*, 128 S.W.3d 643, 647 (Mo.App.2004); *Snow v. Director of Revenue*, 935 S.W.2d 383, 385–86 (Mo.App. 1996). "[A] driver who produced a requested breath sample can, under Section 577.020.2, be required to submit to a second chemical test or have his or her driving privileges suspended for refusing such a test." *Smock*, 128 S.W.3d at 647. Nothing in Section 577.041 required Willingham to read the implied consent warning again before requesting a second test. *Baldridge v. Director of Revenue*, 82 S.W.3d 212, 221 (Mo.App.2002); *Sweatt v. Director of Revenue*, 98 S.W.3d 926, 930 (Mo.App. 2003).

 If Johnson were confused about the consequences of refusing to submit to the urine test, he had the affirmative duty to communicate his lack of understanding to Willingham. When officers advise a driver of his rights under the implied consent law and the driver refuses to take a chemical test, the driver is deemed to have refused the test unless he objectively and unequivocally manifests that he did not understand his rights and is denied clarification. *Baldridge*, 82 S.W.3d at 222. Johnson did not communicate any misunderstandings about his rights to Willingham.

The director made a *prima facie* case establishing that Johnson refused to submit to a chemical test, and Johnson did not rebut it. We, therefore, reverse the circuit court's judgment and remand with directions that the circuit court reinstate the one-year revocation of Johnson's driving privileges.

LISA WHITE HARDWICK, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.