Clyde W. TARLTON,
Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE of Missouri, Defendant/Appellant.

No. ED 87311.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Jefferson City, MO, for appellant.

James F. McMullin, St. Louis, MO, for respondent.

## OPINION

MARY K. HOFF, Judge.

The Director of Revenue (the Director) appeals from a trial court judgment reinstating the driving privileges of Clyde W. Tarlton (Driver) after the Director revoked them under Section 577.041 because Driver refused to submit to a chemical test of his breath when suspected of driving while intoxicated (DWI). We reverse and remand with directions.

### Factual and Procedural Background

On March 17, 2005, police officer Erica Stough (Officer Stough) was dispatched to the scene of a car accident. While on route to the scene, a police dispatcher advised that one of the cars was leaving the scene and provided a description of the car and the driver. Upon her arrival to the car accident scene area, Officer Stough saw a car matching the description, noticed that the car was unable to maintain its lane, and curbed the car. Driver immediately stepped out of the car, and Officer Stough contacted Driver. Driver's car had damage consistent with the accident. While speaking with Driver, Officer Stough detected a strong odor of an alcoholic beverage coming from Driver's breath. Officer Stough also observed Driver's eyes to be watery and bloodshot, and Driver was swaying. Officer Stough asked Driver if he had been drinking, and he stated that he had four or five drinks. Driver agreed to do two field sobriety tests, the horizontal gaze nystagmus and the walk-and-turn, both of which he performed poorly, but he did not agree to do the one-leg stand because he "had cancer in his hip." Officer Stough gave Driver a preliminary breath test, which was positive for alcohol.

Officer Stough advised Driver that he was under arrest for DWI and for leaving the scene of an accident. Driver resisted being placed in handcuffs, but, ultimately, two police officers were able to place him in handcuffs, and Officer Stough transported Driver to the police station. At the police station, Driver was advised of his Miranda[1] rights and the Missouri Implied Consent Law. Driver stated he understood his rights and agreed to give a sample of his breath.

Officer Stough observed Driver for fifteen minutes, during which time Driver did not vomit or put or take anything in or out of his mouth. Driver attempted to take the test, but he did not blow into the breath tube. When Officer Stough advised Driver that he was not blowing, Driver blew for a second and stopped. Officer Stough again advised Driver that he was not blowing properly. Driver began licking the mouthpiece and blowing into the mouthpiece without putting a tight seal around it. Driver then placed the entire mouthpiece inside his mouth and blew. Officer Stough pressed the "NV" button on the testing instrument, and the results read that Driver had a blood alcohol level of .161 percent.[2]

Officer Stough observed Driver for another fifteen minutes, during which time Driver did not vomit or put or take any-

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. In other cases, law enforcement officers have testified that the "NV" or "No Volume" button is a manual override feature of the testing instrument that is used when a person is having a difficult time giving a breath test. *See, e.g., Bozarth v. Dir. of Revenue,* 168 S.W.3d 78, 80 (Mo.App. E.D.2005); *Bradford v. Dir. of Revenue,* 72 S.W.3d 611, 613 (Mo. App. E.D.2002). The officers' testimony in those cases indicates that use of the "NV" button produces artificially lower results than a reading not using the button and when a full and complete sample is given. *Id.*

thing in or out of his mouth. Driver again attempted to complete the test. Driver blew for a second and stopped. When Officer Stough advised Driver that he was not giving an ample sample, Driver placed the tube to his mouth and licked the mouthpiece. Driver then stuck the mouthpiece into his mouth and acted like he was blowing. Driver continued this action until his time ran out on the testing instrument. Officer Stough advised Driver that because he did not complete the test on the second attempt, it was considered a refusal. Officer Stough also marked the "chemical test refusal" box on the Alcohol Influence Report and placed an "X" through the sections indicating to "check type of instrument used and boxes for each step" and "certification of examination by operator."

■ The Director notified Driver of the revocation of his driving privileges for one year, effective April 1, 2005, for refusal to submit to a chemical test of his blood alcohol level pursuant to Section 577.041.[3] Driver filed a Petition for Review and Request for Stay at the trial court. The trial court entered an order staying the revocation of Driver's driving privileges.

■ The case was submitted to the trial court on the Department of Revenue records, including the Alcohol Influence Report, Officer Stough's narrative, the notice of revocation, and Driver's Missouri Driver Record. Driver did not present any evidence.[4] Subsequently, the trial court entered a judgment reinstating Driver's driving privileges and ordering the administrative revocation arising out of the occurrence on March 17, 2005, to be removed from Driver's driving record. The court found that Officer Stough had probable cause to arrest Driver for DWI or an alcohol related offense but that Driver did not refuse to submit to a chemical test of Driver's breath. The trial court made no other findings. The Director appeals the judgment.

*Standard of Review*

■ In an appeal from a judgment reinstating driving privileges under Section 577.041, we will affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Brown v. Dir. of Revenue,* 164 S.W.3d 121, 125 (Mo.App. E.D. 2005); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). If the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal

---

3. We note that although the revocation period of Driver's driving privileges has elapsed, the issue on appeal is not moot because its resolution affects Driver's driving record.

4. Driver included in the Appendix to his brief a copy of a BAC DataMaster Evidence Ticket and a Blood Alcohol Test Report—DataMaster. The record on appeal consists of a certified legal file. Neither document is contained in the certified legal file. Driver stated in his brief that the documents were part of the records supplied by the Director at trial, but the documents were not included in the legal file. We will not look behind the record on appeal to determine whether or not a document is or is not properly part of the legal file. *Linzenni v. Hoffman,* 937 S.W.2d 723, 725

(Mo. banc 1997). Rule 81.15(d) allows a party disputing the correctness of the legal file to designate in writing to the appellate court those portions that are disputed within fifteen days after the legal file is filed. Driver did not challenge the correctness of the legal file as specified in Rule 81.15(d). Absent a timely challenge, a legal file duly certified is presumed to be correct and complete. *Linzenni,* 937 S.W.2d at 725. Documents not found in the legal file are not part of the record, and therefore, the documents cannot be relied on by Driver, and we cannot consider the documents in our appellate review. *Chandler v. Multidata Sys. Int'l Corp., Inc.,* 163 S.W.3d 537, 548; *Jos. A. Bank Clothiers, Inc. v. Brodsky,* 950 S.W.2d 297, 301 (Mo.App. E.D.1997).

effect of the evidence, then there is no need to defer to the trial court's judgment. *Brown,* 164 S.W.3d at 125.

### Discussion

■ In its sole point on appeal, the Director argues that the trial court erred in reinstating Driver's driving privileges because Driver refused a breath test by failing to blow properly and sufficiently into the instrument and because the readout does not vitiate the conduct constituting a refusal. The Director also argues that Driver refused a second breath test by again failing to blow properly and sufficiently into the instrument.

■ When reviewing the revocation of a driver's license for a refusal to submit to a chemical test, the trial court shall determine only: (1) whether or not the person was arrested or stopped; (2) whether or not the arresting officer had reasonable grounds to believe the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to a chemical test. Section 577.041.4; *Brown,* 164 S.W.3d at 125. The Director bears the burden of proving these elements by a preponderance of the evidence. *Brown,* 164 S.W.3d at 125. If the trial court determines that the Director has failed to meet its burden on any one of the elements, the court must order the Director to reinstate the person's driver's license. *Id.;* Section 577.041.5. Once the Director establishes a prima facie case for revocation, the person may rebut the Director's case by a preponderance of the evidence. *Brown,* 164 S.W.3d at 125.

The parties agree that the first two elements have been met. The only issue is the third element, whether or not Driver refused to submit to a chemical test.

■ The Missouri Supreme Court has defined a refusal in the context of the implied consent law as follows:

> [A]n arrestee, after having been requested to take the breathalyzer test, declines to do so of his own volition. Whether the declination is accomplished by verbally saying, 'I refuse,' or by remaining silent and just not breathing or blowing into the machine, or by vocalizing some sort of qualified or conditional consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal.

*Spradling v. Deimeke,* 528 S.W.2d 759, 766 (Mo.1975); *see also Rogers v. Dir. of Revenue,* 184 S.W.3d 137, 143 (Mo.App. W.D. 2006). An arresting officer's narrative combined with the Alcohol Influence Report constitutes sufficient evidence of a refusal to submit to a chemical test. *Brown,* 164 S.W.3d at 126.

■ We conclude the Director proved by a preponderance of the evidence that Driver refused to submit to a chemical test of his breath to determine his blood alcohol content. Officer Stough's narrative indicated that on Driver's first attempt to take the test, Driver initially did not blow into the breath tube, blew for a second and stopped, and licked the mouthpiece and blew into the mouthpiece without putting a tight seal around it. When Driver placed the entire mouthpiece inside his mouth and blew, Officer Stough pressed the "NV" button on the testing instrument, and the results read that Driver had a blood alcohol level of .161%. However, a digital reading alone does not necessarily establish that a driver did not refuse a chemical test under Section 577.041, and a police officer is not required to deem a digital reading to be a conclusive test result. *See Bogart v. Dir. of Revenue,* 185 S.W.3d 286, 289 (Mo.App.

W.D.2006). On Driver's second attempt to take the test, Driver blew for a second and stopped, placed the tube to his mouth and licked the mouthpiece, and stuck the mouthpiece into his mouth and acted like he was blowing, continuing this action until his time ran out on the testing instrument. A person's act in not blowing into the testing machine and by blowing around the mouthpiece to prevent the necessary quantity of air to proceed into the machine may be considered a refusal. *Askins v. James,* 642 S.W.2d 383, 386 (Mo.App. W.D.1982). Further, the Alcohol Influence Report showed the "chemical test refusal" box marked and an "X" through the sections indicating to "check type of instrument used and boxes for each step" and "certification of examination by operator."

■ Even if we were to conclude that Driver completed the test after his first attempt, producing a valid result, the evidence of his failed second attempt to complete the test was still sufficient to constitute a refusal. *See Smock v. Dir. of Revenue,* 128 S.W.3d 643, 647 (Mo.App. S.D.2004) ("In no Missouri case, and certainly not in the language of Section 577.020.2, is there to be found a caveat supporting a trial court's determination that an officer who requests a second statutorily allowed test following an initial 'valid' test does so outside the bounds of the implied consent statute.... A driver who produced a requested breath sample can, under Section 577.020.2, be required to submit to a second chemical test...."); *Sweatt v. Dir. of Revenue,* 98 S.W.3d 926, 929 (Mo.App. S.D.2003) ("[A]n arrested person does not have his choice of which statutory test he will take.").

Having established a prima facie case for revocation, Driver could have presented evidence to rebut the Director's case, which he did not do. Accordingly, the trial court erred in finding that Driver did not refuse to submit to a chemical test of Driver's breath. The Director had the authority under Section 577.041 to revoke Driver's driving privileges for one year for refusing to submit to a chemical test of his breath. Point granted.

### Conclusion

The judgment reinstating Driver's driving privileges and ordering the administrative revocation arising out of the occurrence on March 17, 2005, to be removed from Driver's driving record is reversed, and the case is remanded to the trial court with directions to enter a judgment consistent with this opinion.

CLIFFORD H. AHRENS, Presiding Judge and NANNETTE A. BAKER, Judge: Concur.