Tessa M. PRUITT, Respondent,

v.

DIRECTOR OF REVENUE of the State of Missouri, et al., Appellant.

No. WD 70414.

Missouri Court of Appeals,
Western District.

March 2, 2010.

Tessa M. Pruitt, Respondent Acting Pro-se.

James A. Chenault, III, for appellant.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

JOSEPH M. ELLIS, Judge.

The Director of Revenue for the State of Missouri appeals from a judgment entered in the Circuit Court of Callaway County reinstating the driver's license of Tessa Pruitt. For the following reasons, the circuit court's judgment is reversed.

Early in morning of July 6, 2008, Officer Brian Maskey stopped Pruitt to issue her a traffic citation. After stopping her, Maskey observed several indicia of intoxication and administered multiple field sobriety tests that Pruitt failed. Maskey arrested Pruitt for driving while intoxicated and took her to the Fulton Police Department to test her blood alcohol level.

After being advised of her rights under the Implied Consent Law, Pruitt agreed to submit to a breathalyzer test. That test indicated that her blood alcohol content was .133%. After that test was completed, Maskey again read the implied consent warnings to Pruitt and asked her to also submit to a blood test of her alcohol level. Pruitt refused to submit to that second test. Pursuant to § 577.041.3, the Director subsequently revoked Pruitt's driving privilege for one year based on her refusal to submit to the blood test of her blood alcohol level.

On July 16, 2008, Pruitt filed a petition for review of the Director's decision in the Circuit Court of Callaway County. After the case was heard by the court,[1] the circuit court reinstated Pruitt's license, concluding that Pruitt had not refused to submit to a chemical test of her blood alcohol level because she had taken a breathalyzer test that rendered a valid result.

■ On appeal, we must affirm the circuit court's judgment "unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Smith v. Director of Revenue*, 260 S.W.3d 896, 901 (Mo.App. S.D.2008). In her sole point on appeal, the Director claims the trial court misstated and misapplied the law in determining that Pruitt's refusal to submit to the blood test was insufficient to support the suspension of her license.

■ Section 577.020.1 states that "[a]ny person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to ... a chemical test *or tests* of the person's breath, blood, saliva or urine for the purpose of determining the alcohol or drug content of the person's blood."[2] (Emphasis added.) "Subsection 2 of this statute limits the number of tests to which a driver can be asked to submit to 'not more than two such tests arising from the same arrest, incident or charge.'" *Smith*, 260 S.W.3d at 902.

"The fact that the implied consent law permits law enforcement to request a suspected intoxicated driver to submit to more than one chemical test is beyond serious dispute." *Id.* (internal quotation omitted). "In no Missouri case, and certainly not in the language of Section 577.020.2, is there to be found a caveat supporting a trial court's determination that an officer who requests a second statutorily allowed test following an initial 'valid' test does so outside the bounds of the implied consent statute." *Smock v. Di-*

1. This hearing occurred subsequent to Pruitt's conviction and sentencing on the DWI charge against her.

2. All statutory references are to RSMo 2000 unless otherwise noted.

*rector of Revenue*, 128 S.W.3d 643, 647 (Mo.App. S.D.2004). Thus, "[a] driver who produced a requested breath sample can, under Section 577.020.2, be required to submit to a second chemical test or have his or her driving privileges suspended for refusing such a test." *Johnson v. Director of Revenue*, 168 S.W.3d 139, 142 (Mo.App. W.D.2005) (internal quotation omitted); *see also Raisher v. Director of Revenue*, 276 S.W.3d 362, 367–68 (Mo.App. W.D. 2009); *State v. Simmons*, 186 S.W.3d 418, 423 (Mo.App. S.D.2006); *Tarlton v. Director of Revenue*, 201 S.W.3d 564, 569 (Mo.App. E.D.2006).

In the case at bar, the circuit court misapplied the law in concluding that Pruitt could not be deemed to have refused a chemical test after having already provided a valid breathalyzer test. The judgment is, therefore, reversed, and the cause is remanded to the circuit court with directions to re-instate the one-year revocation of Pruitt's driving privileges.

All concur.