

# In the Missouri Court of Appeals Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| RYAN MCPHAIL, | ) | ED101307 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 13SL-AC32564 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Honorable Dale W. Hood |
| | ) | |
| Respondent. | ) | Filed: December 16, 2014 |

## Introduction

This case involves the Director of Revenue (Director) relying solely on an Alcohol Influence Report (AIR) and the AIR's narrative of Police Officer Jeffrey DeVorss (Officer DeVorss) as its only evidence in Ryan McPhail's (Appellant) driver's license revocation hearing for Appellant's refusal to submit to a breath test. Appellant appeals the trial court's judgment sustaining the revocation of Appellant's driver's license. Appellant argues that the judgment is unsupported by substantial evidence in that the Director did not prove Appellant refused to submit to the test under Section 577.041.1.[1] We reverse.

---

[1] All statutory references are to RSMo. (Supp. 2013), unless otherwise indicated.

## Background

The following facts are contained in the arresting officer's AIR and its narrative. On September 29, 2013, at 10:56 p.m., Officer DeVorss conducted a traffic stop after observing a vehicle drifting and swerving on the road, nearly hitting cars parked along the side of the road. The driver, later identified as Appellant, did not acknowledge Officer DeVorss' instructions to remain in the driver's seat, but instead he exited the car and shut and locked the door. Officer DeVorss told Appellant he could sit on the curb, and Appellant complied. Officer DeVorss asked Appellant for his driver's license and insurance card. As Appellant retrieved his license from his wallet and his insurance card from his car, he needed Officer DeVorss' help to get to his car. Officer DeVorss observed Appellant lose his balance, stumble, sway, and walk with uncertain steps.

Additionally, Officer DeVorss observed that Appellant's eyes were watery and bloodshot, and Appellant's pupils were dilated. Officer DeVorss also detected a strong odor of an alcoholic beverage on Appellant's breath. Appellant's speech was slurred and he mumbled as he spoke. Appellant initially denied consuming any alcoholic beverages that evening, but Appellant later admitted that he had "[n]ot enough," but that he "did drink a little."

Officer DeVorss asked Appellant if he would submit to a series of field sobriety tests, and Appellant refused. Officer DeVorss asked Appellant to submit to a preliminary breath test, and Appellant refused. Officer DeVorss then arrested Appellant for driving while intoxicated (DWI).

While they were still at the scene of the traffic stop at 11:17 p.m., Officer DeVorss informed Appellant of Missouri's Implied Consent Law and requested that

2

Appellant submit to a chemical breath test. Appellant initially refused, but then Appellant asked to speak with his attorney before refusing. Officer DeVorss took Appellant to the police department. At 11:33 p.m., Officer DeVorss told Appellant that he had twenty minutes to contact his attorney and then Officer DeVorss would ask again whether Appellant would submit to the breath test. According to Officer DeVorss' narrative, Appellant responded, "I'm not talking [*sic*] that test, but I want to contact my attorney." Appellant did eventually reach his attorney, Jim Leonard.[2]

Officer DeVorss informed Appellant of his Miranda[3] rights, and Appellant indicated that he understood them. Appellant chose not to answer any questions. Officer DeVorss booked and processed Appellant for both improper lane usage by weaving and DWI. Officer DeVorss also confiscated Appellant's driver license and issued Appellant a Notice of Revocation Form from the Department of Revenue. This form notified Appellant that due to his refusal to submit to the breath test, his license would be revoked for one year beginning 15 days from that date, September 29, 2013.[4]

Appellant filed a petition for review of his revocation. The trial court sustained the revocation of Appellant's driving privileges, finding that Appellant had an adequate opportunity to reach his attorney and that there was no evidence offered to refute Officer DeVorss' AIR and its narrative. This appeal follows.

---

[2] Officer DeVorss' narrative is silent regarding the time of Appellant's contact with his attorney, as well as whether Officer DeVorss made a subsequent request that Appellant submit to a breath test.

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

[4] We note that though it appears the one-year revocation period has expired, the case is not moot as its resolution still affects Appellant's driving record. Tarlton v. Dir. of Revenue, 201 S.W.3d 564, 567 n.3 (Mo. App. E.D. 2006).

## Standard of Review

In reviewing a trial court's decision on a petition for review of revocation, we will affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Tarlton v. Dir. of Revenue, 201 S.W.3d 564, 568 (Mo. App. E.D. 2006) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)).

## Discussion

Appellant argues on appeal that the Director failed to establish a violation of the Missouri Implied Consent Law for two reasons: (1) Appellant's refusal was equivocal in that it was conditioned on speaking with his attorney, and (2) there is no evidence that Officer DeVorss asked Appellant to submit to a chemical test after the twenty-minute period had expired. Thus, Appellant argues, at no time did he voluntarily and unequivocally refuse to submit to a chemical test or "continue[] to refuse" to submit to a chemical test as required by Section 577.041.1. We agree that the judgment is unsupported by substantial evidence on the issue of Appellant's refusal.

We will uphold a license revocation for refusal to submit to a chemical test upon a showing of three elements: (1) that the driver was arrested or stopped, (2) that the arresting officer had reasonable grounds to believe the driver was driving a motor vehicle in an intoxicated condition, and (3) that the driver refused to submit to a chemical test. Section 577.041.4; Brown v. Dir. of Revenue, 164 S.W.3d 121, 125 (Mo. App. E.D. 2005). It is the Director's burden to prove these three elements by a preponderance of the evidence. Brown, 164 S.W.3d at 125.

4

Regarding the third element, "[a] refusal to submit to a chemical test means declining on one's own volition to take the test . . . when requested by an officer to do so." Webb v. Dir. of Revenue, 157 S.W.3d 769, 772-73 (Mo. App. E.D. 2005). A conditional refusal also constitutes a refusal, except where the driver "qualifies a refusal on his or her having an opportunity to contact an attorney." Id. Section 577.041.1 provides that where a driver requests to contact an attorney, he or she must be allowed a twenty-minute period in which to do so. Once that period expires, if the driver "continues to refuse to submit to any test, it shall be deemed a refusal." Section 577.041.1. Conversely, if the driver abandons his or her attempt to contact an attorney and makes a final decision before the twenty-minute period expires, the driver has sufficiently refused to submit to the chemical test under Section 577.041. Bacandreas v. Dir. of Revenue, 99 S.W.3d 497, 500 (Mo. App. E.D. 2003).

Here, Officer DeVorss' narrative states that Appellant requested to speak with an attorney, and that Officer DeVorss notified Appellant at 11:33 p.m. that his twenty-minute period for contacting an attorney had begun. However, Officer DeVorss recorded in his AIR that Appellant's refusal to submit to a chemical test also occurred at 11:33 p.m. The Director argues this is because when Officer DeVorss told Appellant he had twenty minutes to contact an attorney, Appellant's response, despite expressing Appellant's desire to talk with his attorney, nevertheless contained an unequivocal refusal to take the chemical test.[5] We disagree.

---

[5] This argument rests on the assumption that where Officer DeVorss' narrative states that Appellant said, "I'm not talking that test, but I want to contact my attorney," Officer DeVorss mistakenly recorded the word "talking," when Appellant actually said "taking." Thus, the Director argues this statement shows Appellant's unequivocal refusal—"I'm not taking that test." However, we could also believe that Officer DeVorss inadvertently omitted the word "about": "I'm not talking about that test, but I want to contact my attorney," which would change the meaning of the sentence entirely. This illustrates the necessity of

Section 577.041 is clear that when a driver requests to speak with an attorney, he or she is to be given twenty minutes to do so, and courts have held police must provide this twenty-minute period unless the driver abandons attempts to contact an attorney. See Bacandreas, 99 S.W.3d at 500. It is clear that Appellant did not abandon his attempt to contact his attorney here, as the narrative states that Appellant eventually did speak with his attorney. However, the narrative fails to record at what time Appellant talked with his attorney, or whether Officer DeVorss requested that Appellant submit to the test again after the expiration of twenty minutes. Thus, it is entirely unclear from the AIR and its narrative whether Appellant "continue[d] to refuse" to take the breath test after being given an opportunity to contact an attorney. Section 577.041.1.

The Director bears the burden to show refusal. In many cases, an officer's AIR and its narrative constitute sufficient evidence to establish a refusal. Lyons v. Dir. of Revenue, 36 S.W.3d 409, 411 (Mo. App. E.D. 2001). However, when the Director relies on these documents alone, the Director assumes the risk that they are not sufficiently clear regarding each element.

This is a proceeding that carries with it immense repercussions for a petitioner. There is no legal principle or presumption that allows a court to divine the officer's meaning or to supply missing clarification where seeming errors and omissions in the AIR and its narrative create ambiguity. Thus, where the Director has presented no live testimony of the officer to explain the narrative's meaning or supply missing details, this Court may not be an advocate for the Director, who has the responsibility and the burden of proof in the first place.

---

calling the officer to testify to clarify ambiguities in his report, but regardless, for purposes of this appeal, the parties premise their arguments on the assumption that Appellant said "taking."

6

The simple way of solving the issue here would have been to call Officer DeVorss to testify regarding what he actually heard Appellant say when Appellant requested to contact his attorney, and whether Officer DeVorss asked Appellant to submit to the breath test again at the expiration of twenty minutes. The Director specifically chose not to do so here. See Keim v. Dir. of Revenue, 86 S.W.3d 177, 182 (Mo. App. E.D. 2002) (Director did not meet burden where report was insufficient as to relevant sequence of events and Director chose to rely on officer's narrative instead of testimony). Thus, the Director failed to present sufficient evidence that Appellant refused to submit to a chemical test under Section 577.041.

## Conclusion

The trial court's judgment is unsupported by substantial evidence. See Tarlton, 201 S.W.3d at 568. We reverse the judgment and remand for the trial court to enter judgment consistent with this opinion.

_____
Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P. J., concurs.
Robert G. Dowd, Jr., J., concurs.

7